O

# United States District Court
# Central District of California

| | |
|---|---|
| VENTURE STRATEGY HOLDINGS, LLC,<br><br>           Plaintiff,<br><br>      v.<br><br>PE'ER PETER BURSUKER,<br><br>           Defendant. | Case № 2:24-cv-11078-ODW (JCx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [20]** |

## I.   INTRODUCTION

Plaintiff Venture Strategy Holdings, LLC ("Venture") brings this action against Defendant Pe'er Peter Bursuker for breach of contract and breach of guaranty. (Compl. ¶¶ 65–116, Dkt. No. 1.)  Venture seeks to recover all outstanding obligations owing under four separate loans, interest and late fees, attorneys' fees and costs, and pre- and post-judgment interest. (*Id.*, Prayer.)  Bursuker failed to appear and defend, and Venture now moves for entry of default judgment. (Mot. Default J. ("Motion" or "Mot."), Dkt. No. 20.)  For the reasons that follow, the Court **GRANTS** Venture's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Bursuker and Jeremy M. Russo, as joint and several borrowers (collectively, "Borrowers"), executed Promissory Notes 1 through 4 ("Note" or "Notes") with several lenders. (Compl. ¶¶ 9, 13, 17, 21.) The Notes were subsequently sold and assigned to Venture, who became the owner and holder of the Notes. (*Id.* ¶¶ 29, 40, 50, 60.)

The first of these occurred on August 21, 2017, when Brandon Ross loaned Borrowers $60,000.00 at twenty-percent interest ("Loan 1"). (*Id.* ¶ 9.) Borrowers signed Note 1 to evidence the loan. (*Id.* ¶ 10; *see* Decl. Jeremy Russo ISO Mot. ("Russo Decl.") ¶ 6, Dkt. No. 20; *see also* Russo Decl. Ex. 1.) Note 1 requires Borrowers to pay a 1.5% monthly late fee on any remaining balance after payment becomes due. (*Id.* ¶ 31.) On April 1, 2018, the loan matured but Bursuker failed to make any payments. (*Id.* ¶¶ 25–26.) Ross subsequently sold and assigned Note 1 to Venture. (*Id.* ¶¶ 27–28.)

On April 26, 2018, Ross loaned Borrowers another $60,000.00 at twenty-percent interest ("Loan 2"). (*Id.* ¶¶ 13–14.) Borrowers signed Note 2 to evidence the loan, which included the same 1.5% monthly late-fee provision. (*Id.* ¶¶ 14, 41; *see* Russo Decl. Ex. 2.) On December 31, 2018, the loan matured but Bursuker failed to make any payments. (Compl. ¶¶ 35–36.) Ross subsequently sold and assigned Note 2 to Venture. (*Id.* ¶¶ 38–39.)

On July 17, 2018, Glenn Clemmons loaned Borrowers $100,000.00, plus twenty-percent interest ("Loan 3"). (*Id.* ¶¶ 17–18.) Borrowers signed Note 3 to evidence the loan, which also requires them to pay a 1.5% monthly late fee on any unpaid balance. (*Id.* ¶¶ 18, 51; *see* Russo Decl. Ex. 3.) On July 17, 2019, the loan matured but Bursuker failed to make any payments. (Compl. ¶¶ 45–46.) Clemmons subsequently sold and assigned Note 3 to Venture. (*Id.* ¶¶ 48–49.)

In 2018, Stephen Cuccia made two loans (collectively, "Loan 4") to Borrowers—one for $300,000.00 and another for $100,000.00—each bearing twenty-percent interest. (*Id.* ¶¶ 21–22.) The document reflecting Note 4 is now lost but Russo "personally reviewed" Note 4 before it was lost and states that it was executed "on the

same form[]" as the earlier Notes.[2] (Russo Decl. ¶ 42.) Cuccia also declares that he "looked for a copy" of Note 4 but was unable to locate it. (Decl. Stephen Cuccia ISO Mot. ("Cuccia Decl."), Dkt. No. 20.) Note 4 requires Borrowers to pay a 1.5% monthly late fee on any remaining balance owed after payment becomes due. (Compl. ¶ 41.) In March 2019, the loan matured and became due. (*Id.* ¶ 55.) Cuccia received full payment on the $100,000.00 note and partial payment on the $300,000.00 note, but the latter "was not paid off in full." (*See* Cuccia Decl.) A balance of $116,000.00 remains outstanding. (Compl. ¶ 55.) Cuccia subsequently sold and assigned Note 4 to Venture. (*Id.* ¶¶ 58–59.)

On December 24, 2024, Venture brought this action against Bursuker to recover the outstanding principal, interest, and late fees under Loans 1 through 4 (the "Obligations"), as well as attorneys' fees and costs incurred in collecting the Obligations. (*Id.*, Prayer ¶¶ A–F.) Venture asserts two causes of action: (1) breach of contract, and (2) breach of guaranty. (*Id.* ¶¶ 65–116.)

On January 23, 2025, Venture served Bursuker. (Proof Service Compl., Dkt. No. 10.) Bursuker did not appear or defend the case. Accordingly, upon Venture's request, on February 21, 2025, the Clerk of Court entered Bursuker's default. (Default, Dkt. No. 15.) On May 19, 2025, Venture filed this Motion against Bursuker. (Mot.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). However, before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements in Rules 54(c) and 55, and Central District Civil Local Rules 55-1 and 55-2. Even if these procedural requirements are satisfied, "[a]

---

[2] The Court accepts as true Venture's well-pleaded factual allegations upon entry of default. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). The Court finds that the sworn statements and the evidence submitted in support of this Motion are sufficient to "prove-up" Venture's damages. *Orange Cnty. Elec. Indus. Health & Welfare Tr. Fund v. Moore Elec. Contracting, Inc.*, No. 11-cv-00942-LHK, 2012 WL 4120348, at *3 (N.D. Cal. Sept. 18, 2012). The sworn testimony and exhibits are evidence that could be admitted at trial and are thus appropriate for consideration. *Id.*

defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc.*, *v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986)). Instead, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (collecting cases).

Generally, after the Clerk enters a default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the plaintiff's complaint "will be taken as true," except those pertaining to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). The court need not make detailed findings of fact when entering default judgment, except as to damages. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).

### IV. DISCUSSION

Venture satisfies the procedural requirements for default judgment, establishes that entry of default judgment against Bursuker is substantively appropriate, and demonstrates that the requested relief is warranted.

**A.  Procedural Requirements**

Local Rule 55-1 requires that the movant establish: (1) when and against which party default was entered; (2) the pleading on which default was entered; (3) whether the defaulting party is a minor or incompetent person; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice, if required under Rule 55(b)(2). In turn, Rule 55(b)(2) requires written notice on the defaulting party if that party "has appeared personally or by a representative."

Venture meets these requirements. On February 21, 2025, the Clerk entered default against Bursuker as to Venture's Complaint. (*See* Default.) Venture's counsel submits declaration testimony that Bursuker is not a minor or incompetent person and that the Servicemembers Civil Relief Act does not apply. (Decl. Isaac M. Gabriel ISO Mot. ("Gabriel Decl.") ¶¶ 11–14, Dkt. No. 25.) Finally, although service of the Motion

is not required because Bursuker has not appeared, Venture nonetheless served Bursuker with the Motion.  (Proof Service Mot., Dkt. No. 20.)

Thus, Venture satisfies the procedural requirements for entry of default judgment.

**B.     *Eitel* Factors**

In assessing whether entry of default judgment is warranted, courts consider the "*Eitel* factors": "(1) the possibility of prejudice to the plaintiff"; "(2) the merits of plaintiff's substantive claim"; "(3) the sufficiency of the complaint"; "(4) the sum of money at stake"; (5) the possibility of a material factual dispute; "(6) whether the default was due to excusable neglect"; and (7) the strong policy favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Viet. Reform Party v. Viet Tan-Viet. Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (internal quotation marks omitted).  Thus, the Court considers these factors first.

*1.     Second & Third* Eitel *Factors*

The second and third *Eitel* factors require a plaintiff to "state a claim on which the [plaintiff] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175 (alteration in original). Although well-pleaded allegations are taken as true, "claims which are legally insufficient[] are not established by default." *Cripps*, 980 F.2d at 1267.

Venture asserts eight causes of action for payment of the Obligations based on Bursuker's breach of the Notes: (1) four claims for breach of contract, (Compl. ¶¶ 65–92), and (2) four claims for breach of guaranty, (*id.* ¶¶ 93–116).  As Venture sufficiently states a claim for breach of contract, and that claim is inextricably intertwined with the breach of guaranty, the Court needs only address the breach of contract claim.

To prevail on its breach of contract claim, the plaintiff must prove: (1) the existence of a contract; (2) plaintiff's performance; (3) defendant's breach; and (4) resulting damages to the plaintiff.  *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010).  Venture's Complaint, taken as true, adequately alleges all four elements of a claim for breach of contract.  (*See generally*

Compl.); *see also Geddes*, 559 F.2d at 560 ("[U]pon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

Venture alleges that, pursuant to the loan agreements, Bursuker executed the Notes. (Compl. ¶¶ 10, 14, 18, 22.) Venture also alleges that pursuant to the Notes, Bursuker agreed to pay the Obligations due on the maturity dates. (*Id.*) Venture further alleges that Bursuker failed to pay his Obligations once the Loans matured and became due. (*Id.* ¶¶ 26, 26, 46, 56.) Lastly, Venture alleges that as a result of Bursuker's breach, Venture suffered damages. (*Id.* ¶¶ 70, 77, 84, 91.) Accordingly, Bursuker's failure to pay the required Obligations under the Notes constitutes a breach of contract.

Thus, Venture sufficiently pleaded meritorious breach of contract claims against Bursuker to recover the owed and owing Obligations under the Notes, and therefore the second and third *Eitel* factors favor entry of default judgment.

*2.     Remaining* Eitel *Factors*

On balance, the remaining *Eitel* factors also weigh in favor of entering default judgment against Bursuker. To begin, the first and fourth *Eitel* factors—possibility of prejudice and sum of money at stake—favor default judgment. *See Eitel*, 782 F.2d at 1471–72. Venture would suffer prejudice absent entry of default judgment because Venture would otherwise have no recourse for Bursuker's unpaid Obligations. Further, as discussed below, the sum of money Venture seeks is directly proportionate to the amount Bursuker owes and failed to pay.

The fifth and sixth factors—possibility of dispute and excusable neglect—also weigh in favor of entering default judgment. *See id.* Venture's well-pleaded factual allegations are accepted as true on default, and Bursuker may not now "challenge the accuracy of the allegations in the complaint." *Landstar Ranger*, 725 F. Supp. 2d at 922. Venture supports its claims with credible evidence demonstrating that Bursuker owes Venture certain unpaid Obligations, and the Court's review of the record reveals "no factual disputes . . . that preclude the entry of default judgment." *Id.* Further, nothing in the record suggests that Bursuker's failure to appear is a result of excusable neglect.

Finally, the seventh factor—policy favoring decisions on the merits—always weighs in the defaulting defendant's favor. *See Eitel*, 782 F.2d at 1471–72. However, because Bursuker's failure to appear in this action prevents the Court from reaching a decision on the merits, this factor does not prevent the Court from entering judgment by default. *See Duralar Techs. LLC v. Plasma Coating Techs., Inc.*, 848 F. App'x 252, 255 (9th Cir. 2021) (affirming entry of default judgment where all factors except the seventh weighed in the plaintiff's favor).

In sum, the *Eitel* factors weigh in favor of entering default judgment against Bursuker on Venture's Complaint.

## C.    Requested Relief

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, Venture seeks to recover principal, interest, and late fees. (Mot. ¶¶ 14–18.) Venture requests judgment for outstanding Obligations as of November 18, 2024. (*Id.* ¶ 14.) "Additional interest and late fees have accrued since the filing of the Complaint but are not being sought as part of the default judgment." (*Id.* ¶ 19.) Venture "is not seeking its attorneys' fees and costs as part of the default judgment," (Mot. ¶ 15). Thus, the relief Venture seeks is consistent with and does not exceed that requested in the Complaint. (*See* Compl. ¶¶ 65–116, Prayer ¶¶ A–F.)

Additionally, once liability is established through a defendant's default, a plaintiff must establish that the requested relief is appropriate. *Geddes*, 559 F.2d at 560. A plaintiff cannot rely solely on allegations to establish damages, for "even a defaulting party is entitled to have its opponent produce some evidence to support an award of damages." *LG Elecs., Inc. v. Advance Creative Comput. Corp.*, 212 F. Supp. 2d 1171, 1178 (N.D. Cal. 2002). Here, Venture seeks an award of $992,828.50, consisting of $336,000.00 in unpaid principal, $337,868.50 in accrued interest, and $318,690.00 in accrued late fees as of November 18, 2024. (Compl. ¶¶ 32, 42, 52, 62; Mot. ¶¶ 14–18.)

### 1.  *Unpaid Principal*

Venture seeks unpaid principal totaling $336,000.00. (*Id.*) In support, Venture submits declaration testimony of co-borrower, Russo. (*See generally* Russo Decl.) Russo states that "[a]s of November 18, 2024, the outstanding obligations" on the Notes included $60,000.00, $60,000.00, $100,000.00, and $116,000.00 in unpaid principal. (*Id.* ¶¶ 6, 13, 17, 24, 28, 26, 40, 49.) This figure is based on Bursuker's failure to make any principal payments due under Notes 1 through 3, (*id.* ¶¶ 9, 20, 31), and only partial payment under Note 4, (*id.* ¶ 44; *see generally* Cuccia Decl.). Accordingly, the Court finds that Venture is entitled to unpaid principal in the total amount of **$336,000.00**.

### 2.  *Accrued Interest*

Venture also seeks interest totaling $337,868.50. (Mot. ¶¶ 14–18.) Russo declares that the accrued interest at the rate of twenty-percent per annum on the four loans totals $337,868.50. (Russo Decl. ¶¶ 13, 24, 36, 49.) Combining the total accrued interest across all four Notes, the Court finds that as of November 18, 2024, the Court finds that Venture is entitled to recover **$337,868.50** in interest.

### 3.  *Accrued Late Fees*

Venture also seeks accrued late fees totaling $318,960.00. (Mot. ¶¶ 14–18.) The Notes require Borrowers to pay a 1.5% monthly late fee on any remaining balance after payment becomes due. (Compl. ¶¶ 31, 41, 51, 61.)

Venture contends that under Notes 1 and 2, the late fees at 1.5% per month on the unpaid balance is $72,000.00 each (consisting of $60,000.00 principal plus maturity-date interest of $12,000.00). (Mot. ¶¶ 14–15.) Applying the monthly rate to this balance for seventy-nine months of Bursuker's delinquency under Note 1 yields an amount of $85,320.00 in late fees as of November 18, 2024. (*Id.* ¶ 14.) Further, applying the monthly rate for seventy-one months of Bursuker's delinquency under Note 2 yields an amount of $76,680.00 in late fees as of November 18, 2024. (*Id.* ¶ 15.)

Next, Venture contends that pursuant to Note 3, the late fees at 1.5% per month on the unpaid balance on Note 3 due at maturity date is $120,000.00 (consisting of

$100,000.00 principal plus maturity-date interest of $20,000.00). (*Id.* ¶ 16.) Applying the monthly rate to this balance for sixty-four months of Bursuker's delinquency under Note 3 yields an amount of $115,200.00 in late fees as of November 18, 2024. (*Id.*)

Finally, Venture contends that the late fees at 1.5% per month on the unpaid balance on Note 4 due at maturity date is $116,000.00 (consisting of $116,000.00 principal with no maturity-date interest). (*Id.* ¶ 17.) Applying the monthly rate to this balance for twenty-four months of Bursuker's delinquency under Note 2 yields an amount of $41,760.00 in late fees as of November 18, 2024. (*Id.*)

Combining the late fees amounts across all four Notes, Venture contends that the aggregate amount in late fees is $318,960.00. (*Id.* ¶ 18.) Consistent with the late fee amounts outlined above, the Court finds that Venture is entitled to recover **$318,960.00** in accrued late fees.

4.  *Summary of Relief*

To summarize, the Court finds that Venture is entitled to recover **$336,000.00** in unpaid principal, **$337,868.50** in accrued interest, and **$318,960.00** in late fees. Venture is therefore entitled to recover the total sum of **$992,828.50**.

V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Venture's Motion for Entry of Default Judgment against Bursuker. (Dkt. No. 20.) The Court **AWARDS** Venture the total sum of **$992,828.50** in principal, accrued interest, and late fees as of November 18, 2024. The Court will issue judgment in accordance with this order.

**IT IS SO ORDERED.**

October 29, 2025

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**